IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BOB STEVE MORRIS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-11-286-SPS |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

The claimant Bob Steve Morris, Jr. requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Court finds that the Commissioner's decision is REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on May 24, 1962, and was forty-seven years old at the time of the administrative hearing. He earned his GED and has past relevant work as a loader and forklift operator (Tr. 23, 52). The claimant alleges that he has been unable to work since September 1, 2007, because of chronic obstructive pulmonary disease (COPD), bronchitis, emphysema, and asthma (Tr. 182).

### Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 12, 2008. The Commissioner denied his applications. ALJ Monica LaPolt held an administrative hearing and determined that the claimant was not disabled in a written opinion dated September 3, 2010. The Appeals Council denied review, so this opinion is the Commissioner's final decision for purposes of appeal. 20 C.F.R. §§ 404.981; 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a); 416.967(a), except that the claimant could only occasionally climb ladders, ropes or scaffolds and reach overhead (Tr. 11). In addition,

the ALJ found that the claimant should avoid concentrated exposure to extremes of temperatures and moderate exposure to airborne irritants including dusts, fumes, and gases, etc. (Tr. 11). While the ALJ concluded that the claimant was unable to return to his past relevant work, she also found that there was other work the claimant could perform in the national economy, *i. e.*, phone clerk, assembler, and account clerk (Tr. 14). Thus, the ALJ concluded that the claimant was not disabled at step five (Tr. 14).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze the opinion of Dr. Ronald Myers, M.D.; ii) by improperly analyzing the medical evidence of record; and iii) by failing to properly analyze the claimant's credibility. The Court agrees with the claimant's first contention.

The claimant has received most of his medical care through visits to various emergency rooms. On January 15, 2007, the claimant presented at the emergency room at St. Edward Mercy Medical Center with complaints of nausea, vomiting, and fever and told medical practitioners there that he had been vomiting every morning for a few years (Tr. 264). On May 29, 2007, the claimant again presented with complaints of shortness of breath and a productive cough that had persisted for six weeks (Tr. 272). In December 2007, the claimant went to Sparks Regional Medical Center's emergency room complaining of shortness of breath (Tr. 305) and showed up again with similar complaints one month later (Tr. 320).

The claimant was sent for a Pulmonary Function Study (PFS) on January 20, 2009 (Tr. 371-74). His results revealed FEV1 levels that were below listing level, but the test administrator noted that claimant's performance was poor and that claimant "[d]idn't seem to try hard at all" and noted that claimant had "lots of coughing." (Tr. 371-72). As a result, claimant was sent for a second PFS, which occurred on May 21, 2010. The claimant's effort was noted to be good, and his results revealed severe obstruction and low vital capacity, with no improvement after the use of bronchodilators (Tr. 497).

State reviewing physician Dr. David L. Hicks completed a Physical Residual Functional Assessment on January 23, 2009 (Tr. 378-84). Dr. Hicks opined that claimant was capable of occasionally lifting/carrying ten pounds, frequently lifting/carrying less than ten pounds, standing/walking for at least two hours in an eight-hour workday, and sitting for six hours in an eight-hour workday (Tr. 378). Dr. Hicks also found that claimant should avoid moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc. (Tr. 381).

Dr. Ronald Myers, M.D. reviewed medical records and examined the claimant in order to fill out a Medical Source Statement of Ability to do Work-Related Activities (Physical) on December 2, 2009 (Tr. 419-23). Based on his review of the medical evidence and examination, Dr. Myers opined that claimant was capable of sitting for four hours in an eight-hour workday, standing for three hours in an eight-hour workday, and sitting for one hour in an eight-hour workday (Tr. 419). Further, Dr. Myers found that claimant was capable of occasionally lifting and carrying one-five pounds and no

pushing, pulling, or fine manipulation with the right arm (Tr. 419-20).  Dr. Myers also found that claimant was capable of only occasionally bending, squatting, crawling, climbing, reaching above his head, stooping, and crouching, should only occasionally be exposed to unprotected heights, be around moving machinery, drive automotive equipment, or be exposed to noise (Tr. 420).  Finally, Dr. Myers thought that claimant should never be exposed to marked temperature changes or dust, fumes, and gases (Tr. 420).

An ALJ must evaluate *every* medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional.  *Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ "must also consider a series of specific factors in determining what weight to give *any* medical opinion." *Goatcher v.  United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added].  The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) [quotation marks omitted], *citing*

*Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001); 20 C.F.R §§ 404.1527(c)(1)-(6); 416.927(c)(1)-(6).

The ALJ failed to properly analyze the medical evidence of record. First, with regard to Dr. Myers's opinion, the ALJ states only that his opinions were "broad in nature and not well supported by the other substantial evidence of record concerning the nature and severity of the claimant's condition" (Tr. 12). This analysis is clearly deficient as the ALJ failed to meaningfully apply *any* of the factors set out in 20 C.F.R §§ 404.1527(c)(1)-(6); 416.927(c)(1)-(6). *Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion.") [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). In fact, the ALJ failed to analyze *any* of the medical opinions of record in accordance with the aforementioned factors. In addition, the ALJ seems to adopt at least one of Dr. Myers's findings, *i. e.*, that claimant should avoid extremes of temperatures, but fails to discuss why she chose to accept that finding but declined to adopt any of his other findings. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an uncontradicted

medical opinion, taking only the parts that are favorable to a finding of nondisability. . . . [T]he ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment.  So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others.  We therefore remand so that the ALJ can explain the evidentiary support for his RFC determination.").  Finally, the ALJ failed to explain why the opinions of reviewing physicians outweighed the opinion of examining physician, Dr. Myers.  *Miranda v. Barnhart*, 205 Fed. Appx. 638, 641 (10th Cir. 2005) (noting that the ALJ did not adequately explain why the opinion of a non-examining physician deserved greater weight than the opinion of an examining physician) [unpublished opinion].

Because the ALJ failed to properly analyze the medical evidence as outlined above, the Court concludes that the decision of the Commissioner is reversed and the case remanded to the ALJ for a proper analysis of the medical evidence of record.

## Conclusion

The Court finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence.  Accordingly, the Magistrate Judge finds that the decision of the ALJ is REVERSED and REMANDED.

**DATED** this 26th day of September, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma